DLD-102

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4218
_____

CHESTER L. BLUM,
                                        Appellant

v.

RONNIE HOLT; BOP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00736)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011
Before:  BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed : February 7, 2011)
_____

OPINION
_____

PER CURIAM

        Chester L. Blum, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania dismissing his petition filed pursuant to 28 U.S.C § 2241. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

I.

In 1994, Blum was found guilty by a jury in the United States District Court for the Eastern District of Missouri of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), as well as a firearms offense in violation of 18 U.S.C. § 924(c)(1). He was sentenced as a career criminal to 360 months of imprisonment, to be followed by three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed his judgment of sentence. Blum later filed an unsuccessful motion pursuant to 28 U.S.C. § 2255.

In April 2010, Blum filed in the United States District Court for the Middle District of Pennsylvania – the District of his confinement – a petition under § 2241 seeking his immediate release. He argued that the 1994 federal sentencing court improperly considered his prior 1962 state court murder conviction to determine that he was a career offender, which resulted in the imposition of a substantially longer sentence.

Blum asserted that he was entitled to have his claim heard under § 2241 because § 2255 is inadequate or unavailable. Specifically, he claimed that he is precluded from filing another § 2255 motion because the one-year statute of limitations has expired, and also because he did not receive the documents necessary to demonstrate that his 1962 conviction should not have been considered for purposes of his 1994 federal sentence

until 2005. A Magistrate Judge recommended summary dismissal of the § 2241 petition, concluding that Blum's recourse is to seek permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion. The District Court adopted the report and recommendation of the Magistrate Judge, agreeing that Blum's claim cannot be raised under § 2241 because he has not shown that the remedy under § 2255 is inadequate or ineffective. The District Court denied Blum's motion for reconsideration and he timely appealed.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F. 3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his

3

conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Blum has not demonstrated that a § 2255 motion provides inadequate or ineffective means to raise his claim. Id.[1] Thus, to the extent that Blum wishes to file a second or successive § 2255 motion with the sentencing court, the District Court appropriately informed him that he must request authorization from the United States Court of Appeals for the Eighth Circuit before doing so. See 28 U.S.C. § 2244(b)(3)(A).

As Blum's appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[1] We further agree with the District Court's decision to deny Blum's motion to amend his § 2241 petition as it is unclear from that filing what Blum sought to amend.